```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| JOHNNY MCDONALD (PLAINTIFF) & ABLE BODY LABOR (INTERVENOR) | CIVIL ACTION |
| VERSUS | NO: 10-4300 |
| TEXAS BBL, LP, ET AL. | SECTION: "A" (5) |

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 27)** filed by defendant Able Body Labor.  Plaintiff Johnny McDonald has not filed a formal opposition to the motion.  The motion, set for hearing on May 25, 2011, is before the Court on the briefs without oral argument.

Plaintiff Johnny McDonald filed this suit for injuries that he sustained on November 21, 2009, while performing construction work for his employer Able Body Labor.  McDonald alleges that an intentional tort against his supervisor and issues of workplace safety led to his injuries. (Rec. Doc. 5-1).  McDonald filed this suit in Orleans Parish and defendant Texas BBL, LP, the general contractor in charge of the construction site, removed the suit to this Court.  Texas BBL relies upon diversity jurisdiction notwithstanding that McDonald and Able Body Labor are both Louisiana citizens.  Texas BBL contends that McDonald has improperly joined Able Body Labor because Workers'

1

Compensation provides McDonald's exclusive remedy vis à vis Able Body--Texas BBL concedes that the supervisor referred to in McDonald's petition was its own employee.  (Rec. Doc. 1 ¶ VI).

    Able Body has filed a motion for summary judgment by which it seeks to have the Court adjudicate the merits of the dispute between McDonald and Able Body.  This case has Louisiana citizens on both sides of the dispute which means that complete diversity, and therefore subject matter jurisdiction, is ostensibly lacking.  The case is in federal court solely in light of the doctrine of fraudulent or improper joinder which allows the Court to ignore Able Body Labor's presence in the lawsuit as a defendant and therefore exercise jurisdiction over the claims between the non-diverse defendants.  See Travis v. Irby, 326 F.3d 644 (5th Cir. 2003).  The Court knows of no authority that allows the non-diverse defendant, whose very presence as a defendant destroys jurisdiction, to file a motion challenging the merits of the plaintiff's claims.  The doctrine of fraudulent joinder serves only to allow a case over which the Court would normally not have jurisdiction to remain in federal court by ignoring the presence of the non-diverse defendant.  The doctrine does not serve to eviscerate the limitations of subject matter jurisdiction by allowing the non-diverse defendant to litigate its position in a federal forum.  Simply, 28 U.S.C. § 1332 does not give the Court jurisdiction over the claims between McDonald and Able Body Labor

and the doctrine of fraudulent joinder cannot be used to circumvent the limitations of the statute.

That said, the record does support Texas BBL's allegation that Able Body Labor has been improperly joined. And Plaintiff's failure to file an opposition to the instant motion is telling. Because this Court will never have jurisdiction to render a judgment in favor of Able Body Labor, the Court will construe Able Body's motion as one for a dismissal without prejudice. The Court is persuaded that a dismissal without prejudice is the only relief that the Court can provide Able Body in its capacity as a defendant given the lack of diversity between the plaintiff and Able Body.[1]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 27)** filed by defendant Able Body Labor is **GRANTED** insofar as Plaintiff's claims against Able Body Labor are **DISMISSED WITHOUT PREJUDICE**. The motion is **DENIED** in all other respects because the Court lacks jurisdiction over any claims between Johnny McDonald and Able Body Labor.

May 25, 2011

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] This dismissal does not affect Able Body Labor's presence in the lawsuit as a plaintiff-intervenor against Texas BBL.